UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARENS SMITH, PHOLISITH BOUPHAPRASEUTH, RYAN FARRELL, SUSAN STEVENS, and JAY SAX, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FINDALY AUTOMOTIVE, INC.,<br><br>Defendant. | Case No. 2:24-cv-01226-RFB-EJY<br><br>Consolidated with<br>Case No. 2:24-cv-01227-APG-BNW<br><br><br>**ORDER** |
| SUSAN STEVENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FINDLAY AUTOMOTIVE, INC., a Nevada corporation,<br><br>Defendant. | |

Pending before the Court is Findlay Automotive, Inc.'s Motion to Stay Discovery. ECF No. 28. The Court considered the Motion, Opposition (ECF No. 32), and Reply (ECF No. 33). Underlying the pending Motion are consolidated complaints in which the named Plaintiffs assert Defendant's data breach exposed their personal identifying information (such as their full names, addresses, driver's licenses, Social Security Numbers, credit and debit card numbers, and other financial information) to third parties that may result in substantial and varying damages. Defendant moved to dismiss this case with prejudice arguing Plaintiffs failed to state a claim. Plaintiffs opposed Defendant's dismissal efforts and argue a stay of discovery is unwarranted.

**I.    Discussion**

This Court has broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic

1

or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  A party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied.  *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  When deciding whether to grant a discovery stay, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay*, 278 F.R.D. at 602-03.  Courts in the District of Nevada have historically reviewed three requirements when deciding whether to stay discovery pending resolution of a potentially dispositive motion.  This include considering whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without conducting additional discovery, and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the Court is convinced the Plaintiffs will be unable to state a claim for relief.  *Id.*

Here, Defendant's Motion to Dismiss is potentially dispositive and discovery is not needed to rule on the Motion.  However, after taking a preliminary peek, the Court finds that while the Motion to Dismiss may be successful, leave to amend is likely to be granted.  Hence, the Court is not convinced that Plaintiffs will be unable to state a claim.  Based on this analysis, and applying Rule 1 of the Federal Rules of Civil Procedure to this circumstance, the Court finds discovery should proceed as to the named Plaintiffs, but that class discovery would be premature.

## II.     Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery (ECF No. 28) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is opened for a period of 90 days during which time the parties may propound written discovery pertaining only to Plaintiffs' individual claims (the "Individual Discovery Period").  The Individual Discovery Period commences on the first Court day after the date of this Order.

IT IS FURTHER ORDERED that no class related discovery may be sought during the Individual Discovery Period.

1    IT IS FURTHER ORDERED that individual discovery may include interrogatories, document requests, and requests for admissions.

IT IS FURTHER ORDERED that no depositions are to be taken during the Individual Discovery Period.

IT IS FURTHER ORDERED that the propounded interrogatories pertaining to individual claims will not prevent additional class-related interrogatories under the Federal Rules of Civil Procedure if this case proceeds as a class following a decision on the Motion to Dismiss.

IT IS FURTHER ORDERED that if the Motion to Dismiss is not decided before the conclusion of the 90 day discovery period, the parties must submit a status report no later than fourteen (14) days after the close of the Individual Discovery Period detailing discovery conducted and concluded, whether any discovery related to the individual claims remains to be conducted, and what, if any, schedule for such discovery is proposed.

IT IS FURTHER ORDERED that upon the Court issuing an order ruling on the Motion to Dismiss, and if that decision does not dispose of this case in its entirety, the parties must submit a status report addressing what discovery was conducted, what discovery remains, a schedule for conducting all remaining discovery, a briefing schedule regarding class certification and dispositive motions, and the due date for a joint pretrial order.

Dated this 24th day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE